# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **WAYNE GERLING,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. 4:17-cv-2702 |
| **CITY OF HERMANN, MISSOURI, et al.,** | ) ) ) |
| **Defendants.** | ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT WAITE'S MOTION TO RECONSIDER AND MOTION FOR NEW TRIAL OR TO ALTER OR AMEND THE JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR RELIEF FROM JUDGMENT OR ORDER

**COMES NOW**, Plaintiff Wayne Gerling, by and through undersigned counsel, and provides the following Opposition to Plaintiff's Motion to Reconsider and Motion for New Trial or to Alter or Amend the Judgment, or in the alternative, Motion for Relief from Judgment or Order ("Motion").

1. Defendant Matthew Waite's ("Waite") Motion seeks non-specific relief due to the clerical error that resulted in Waite's Reply brief being inadvertently deleted from the record. Plaintiff does not dispute that Waite filed a Reply brief, but there is nothing in said Reply brief that would alter this Court's December 20, 2019 Memorandum and Order ("Order") regarding Waite's Motion for Summary Judgment. Notably, Waite's Motion does not identify anything from his Reply that would alter the Court's Order.

2. "Evidence that will not change the result does not merit a new trial [under Rule 59(a)]." *Jenkins v. Anton*, 922 F.3d 1257, 1268 (11th. Cir. 2019) (quoting 11 Charles Alan Wright et al., *Federal Practice & Procedure §* 2808 (3d. ed. Nov. 2018). Additionally, a "motion under Rule 59(a) in a nonjury case should be based upon a manifest error of law or a mistake of fact, and a judgment should not be set aside except for substantial reasons." *In re Jones*, 112 B.R. 975, 976-

77 (U.S. Bankruptcy Court, W.D. Mo. 1989); *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990) ("Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence."). "A motion under 59(a) should not serve merely as a means to relitigate a matter previously decided by the Court." *In re Jones*, 112 B.R. at 977.

3. In his Motion, Defendant Waite does not claim any error of law or mistake of fact, nor does he claim that any evidence (new or otherwise) not considered by this Court would change the result of the Court's Order. Thus, Defendant Waite is not entitled to relief under Federal Rule of Civil Procedure ("FRCP") 59.

4. Defendant Waite also seeks non-specific relief from the Court's Order pursuant to FRCP 60(a). FRCP 60(a) provides the Court with the ability to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." If Defendant Waite is simply asking the Court to correct footnote 1 from its Order to indicate Defendant Waite did file a Reply, Plaintiff has no objection to said request. However, FRCP 60(a) does not provide relief from a judgment or order, and thus Plaintiff objects to the extent Defendant Waite is attempting to seek relief from the Court's Order pursuant to FRCP 60(a).

5. FRCP 60(b) provides grounds for relief from a final judgment or order, but Defendant Waite does not even argue that any of the grounds for said relief apply in this case. Regardless, none of them do apply as nothing in Defendant Waite's Reply would alter the Court's Order.

6. A "district court's Rule 60(b) decision to grant relief is reviewed for abuse of discretion." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152

2

{0238139.DOCX}

(8th Cir. 2013). A "court abuses its discretion when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; or when all proper factors and no improper ones are considered, but the court commits a clear error of judgment in weighing those factors." *Id.* An "error of law is necessarily an abuse of discretion." *Id.* The appellate court will "find an abuse of discretion only when the district court's judgment was based on clearly erroneous fact-findings or erroneous conclusions of law." *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 866 (8th Cir. 2007). "Reversal of a district court's denial of a Rule 60(b) motion is rare because Rule 60(b) authorizes relief in only the most exceptional of cases." *Id.* (internal quotations omitted).

7. Again, Defendant Waite does not even argue that there was a single relevant factor contained in his Reply brief that this Court failed to consider when issuing its Order, let alone that there was a relevant factor that was not considered that should have been given significant weight. Defendant Waite certainly does not argue that the Court's Order was based on "clearly erroneous fact-findings" or "erroneous conclusion of laws." Defendant Waite does not argue that an irrelevant or improper factor was considered by the Court and given significant weight, nor does he argue that the Court committed a clear error of judgment in weighing any factors. Thus, Defendant Waite is not entitled to relief from the Court's Order pursuant to FRCP 60(b).

8. Overall, Defendant Waite is not entitled to relief from the Court's Order pursuant to FRCP 59, 60(a) or 60(b).

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant Waite's Motion, and for such other and further relief as this Court deems just and proper.

{0238139.DOCX}

**NORRIS KEPLINGER HICKS & WELDER, LLC**


By:   <u>*/s/* David J. Welder</u>
      David J. Welder, #61806
      dwelder@nkfirm.com
9225 Indian Creek Parkway
32 Corporate Woods, Suite 750
Overland Park, Kansas  66210
(913) 663-2000
(913) 663-2006 (Fax)

Mr. Kevin M. Carnie
Mr. Patrick Ryan McPhail
Mr. John G. Simon
Simon Law Firm, PC
800 Market St. Suite: 1700
St. Louis, MO 63101
(314) 241-2929 / (314) 241-2029 FAX
kcarnie@simonlawpc.com
pmcphail@simonlawpc.com
jsimon@simonlawpc.com
**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing was filed and served upon all counsel of record via the Court's ECF system this 2nd day of January, 2020.


          <u>/s/ David J. Welder</u>
          **Attorney for Plaintiff**