UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAYNE GERLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-02702 JAR |
| | ) |
| CITY OF HERMANN, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Waite's Motion to Reconsider and Motion for New Trial or to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59, or in the alternative, Motion for Relief from Judgment or Order pursuant to Fed. R. Civ. P. 60(a). (Doc. No. 125). In support of his motion, Waite states that his reply suggestions in support of summary judgment were inadvertently deleted due to a clerical error and thus not a part of the record before the Court when it issued its Memorandum and Order and Partial Judgment denying his motion for summary judgment as to Counts I and II of Plaintiff Gerling's Complaint, and granting it as to Count III. This he contends requires the Court to alter or amend its judgment to consider the full summary judgment record.[1] The Court construes Waite's motion as addressing only those claims the Court ruled against him. Plaintiff does not dispute that Waite filed a reply brief but opposes the motion on the grounds that Waite has not identified anything from his reply brief that would change the outcome of this case. (Doc. No. 126).

---

[1] The Court notes that the clerical error has been corrected and Waite's reply, originally filed on August 9, 2019, was re-docketed on December 26, 2019. (See Doc. No. 111).

**Discussion**

Motions for new trial or to alter or amend a judgment serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998); White v. United States, No. 4:15CV1252 SNLJ, 2019 WL 1518286, at *2 (E.D. Mo. Apr. 8, 2019). Waite does not assert any error of law or mistake of fact, nor does he claim that any newly discovered evidence not considered by the Court would change the result of this case.

The facts of this case are discussed in detail in the Court's prior Order. (See Doc. No. 123). Regarding Gerling's claim of excessive force (Count I), Waite continues to assert in his reply brief that his use of force was reasonable given Gerling's interference with his investigation of the parking violation, noncompliance, and active resistance. Waite further asserts that even if the force was not reasonable, it was not clearly established on November 18, 2012 that an officer was forbidden from using a taser on an individual who ignored multiple instructions from the officer, refused to comply with instructions, and resisted arrest by pulling away from the officer and attempting to re-enter a residence where multiple unknown individuals were located. (Doc. No. 111 at 49-50, 53). The Court carefully considered the circumstances surrounding Gerling's arrest and was unable to conclude that a reasonable officer in Waite's position would have interpreted Gerling's actions as noncompliance or resistance (either passive or active). In particular, the Court noted that the incident arose when Waite attempted to serve a summons for illegal parking, a misdemeanor, and did not involve any physical threats or threats with a weapon. The Court also noted that Gerling maintained he was always inside his house, that he "twisted out" of Waite's grasp reflexively, and that he had no time to comply with

Waite's order to turn around before Waite deployed the taser. For these reasons, the Court was unable to conclude that Waite's use of force was objectively reasonable as a matter of law.

In his reply brief, Waite cites <u>Moore-Jones v. Quick</u>, 909 F.3d 983 (8th Cir. 2018), to support his argument that force can be used on a non-compliant individual even when the crimes being investigated were not of a severe nature. (Doc. No. 111 at 54). There, a police officer driving a marked police car attempted to pull over a motorist for expired tags. The officer engaged his emergency lights, sirens, and spotlight, thereby identifying himself as a law enforcement officer; however, the plaintiff refused commands to stop. The officer then used a Precision Immobilization Technique (PIT) maneuver to bump the plaintiff's car, causing it to spin into a ditch and hit a cement culvert, injuring plaintiff and her daughter. Relying on the clearly established law that "force is least justified against nonviolent misdemeanants who do not flee or actively resist arrest and pose little or no threat to the security of the officers or the public," <u>Moore-Jones</u>, 909 F.3d at 985 (internal citations omitted), the district court denied the officer's motion for summary judgment based on qualified immunity.

On appeal, the Eighth Circuit held this general rule does not apply with "obvious clarity" to the specific conduct involved, i.e., a PIT maneuver, where the plaintiff refused to comply with commands to pull over. After examining case law involving PIT maneuvers, the circuit court concluded the officer's actions were in the "hazy border between excessive and acceptable force" and that the district court had erred in concluding that the plaintiff's right to be free from a PIT maneuver was clearly established. <u>Id</u>. at 986. Waite's reliance on <u>Moore-Jones</u>, a case involving a non-violent but clearly non-compliant motorist, is unavailing. First, the Eighth Circuit's holding in <u>Moore-Jones</u> is specific to PIT maneuvers. Moreover, the obvious threat posed by a fleeing motorist – not just to the officer but also to the public – is readily

3

distinguishable from the case of an individual charged with illegal parking who posed no threat to the officer or the public and was standing in his own living room. These facts are too dissimilar to compel summary judgement here.

Regarding Gerling's claim for arrest without probable cause (Count II), the Court found a genuine issue of material fact as to Gerling's location when the incident occurred. This is significant because different standards apply to evaluate the constitutionality of a warrantless arrest depending upon whether the suspect was arrested in his home or outside in a public place. A warrantless arrest within the confines of one's home, barring exigent circumstances, is unconstitutional. See Mitchell v. Shearrer, 729 F.3d 1070 (8th Cir. 2013).

Waite contends the video footage of the incident shows Gerling standing out on his porch – a public place for purposes of a warrantless arrest. (Doc. No. 111 at 50-51). The Court notes, however, that Waite testified on deposition that he could not recall Gerling's exact location – whether he was outside or inside the door. Gerling maintains that while he may have stepped one foot out onto his porch to point to the street to indicate that it was a commercial zone, he never stepped outside his house and was in fact completely inside his house and standing behind his son-in-law when Waite reached across the threshold to grab his wrist. As the Court previously noted, nothing in the record clearly contradicts Gerling's version of the facts. Despite Waite's assertion, the video recording of the incident, which the Court has extensively examined, is dark, making it virtually impossible to discern either Gerling's location or the actions of the parties. Consequently, the Court is unable to conclude as a matter of law that Gerling voluntarily placed himself in a public place for purposes of a warrantless arrest.

**Conclusion**

Having now carefully considered Waite's reply brief, the Court finds no "manifest errors of law or fact" or "newly discovered evidence" that would cause it to alter or amend its Memorandum and Order and Partial Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Waite's Motion to Reconsider and Motion for New Trial or to Alter or Amend Judgment, or in the alternative, Motion for Relief from Judgment or Order [125] is **DENIED**.

Dated this 10th day of February, 2020.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**