UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**WAYNE GERLING**

    Plaintiff,

v.                                  Cause No. 4:17-cv-2702-JAR

**MATTHEW WAITE.**

    Defendant.

## DECLARATION OF KEVIN M. CARNIE JR.

Kevin M. Carnie Jr. declares under penalty of perjury as follows:

1. I am an attorney admitted to practice law in the State of Missouri since 2008 and the State of Illinois since 2009. I am also admitted to practice in the U.S. District Court for the Eastern District of Missouri, the Western District of Missouri, the Southern District of Illinois, The Northern District of Illinois, the Central District of Illinois, and the First, Third, Seventh, and Eighth Circuit Courts of Appeals.

2. Prior to becoming a licensed attorney, I graduated *summa cum laude* with a Bachelor of Arts in Psychology and a Bachelor of Arts in Criminal Justice from Saint Louis University in 2005. I graduated *cum laude* from Saint Louis University School of Law in 2008, finishing in the top 5% of my class. During law school, I served as an editor of the Saint Louis University Public Law Review and received several academic excellence awards. While in law school, I worked as a law clerk for the Simon Law Firm, P.C. and a summer associate at Thompson Coburn LLP.

3. In 2008, I began my legal career as an associate attorney at Thompson Coburn LLP, one of the largest firms in St. Louis. While there, I represented some of the largest companies in the nation, as both plaintiffs and defendants, in a wide range of complex litigation matters

{0268422.DOCX}



EXHIBIT A

Litigated, including banking and financial services litigation, intellectual property litigation, consumer fraud and deceptive trade practices litigation, class actions, and antitrust litigation.

4. Since February 2012, I have been an attorney at the Simon Law Firm, P.C., one of the premier plaintiff's law firms in the nation. Since 2000, the Simon Law Firm has earned more than $1 billion in verdicts and settlements. It has also been named one of the "winningest firms" in the United States by The National Law Journal. The firm has achieved some of the largest verdicts and settlements in the state of Missouri, and it is regularly covered in the media for cases ranging from personal injury to intellectual property to consumer fraud.

5. Since February 2012, I have secured more than $100 million in verdicts and settlements for personal injury victims and businesses. I have acted as lead trial attorney, and secured verdicts, in a wide variety of cases, ranging from class actions, complex product liability suits, construction disputes, intellectual property matters, civil rights, and personal injury. In 2014, and every year since, I was named a Missouri & Kansas Super Lawyers® Rising Star℠. In 2015, Missouri Lawyers Weekly named me an *Up and Coming Lawyer*. And in 2018, I was selected for membership in the The National Trial Lawyers: Top 40 Under 40.

6. In addition to my extensive trial experience, I have extensive experience in civil rights matters. Indeed, I have been regularly quoted and featured in the media due to my work on civil rights cases. Most recently, I was featured on St. Louis Public Radio and KSDK for obtaining a summary reversal from the Supreme Court of the United States in an excessive force case:

    a. https://news.stlpublicradio.org/show/st-louis-on-the-air/2021-07-08/u-s-supreme-court-revives-lawsuit-accusing-st-louis-police-of-excessive-force

{0268422.DOCX}

      b.   https://www.ksdk.com/article/news/investigations/death-st-louis-police-custody-prone-restraint-tactic-dozens-nationwide/63-171449b8-077a-4e0f-9d20-216333b3d12d

Due, in part, to my work on that case, the City of St. Louis has adopted changes to its review of police misconduct and reassessed its legal policy for defending civil rights cases: https://pulitzercenter.org/stories/st-louis-mayor-plans-shift-civilian-control-police-misconduct-investigations

    7.   I have also been interviewed extensively by civil rights organizations such as The Marshall Project and quoted extensively as a subject matter expert on civil rights issues by the Pulitzer Center in the most recent edition of its Gateway Journalism Review, Legal Roadblocks to Police Accountability: https://pulitzercenter.org/stories/legal-roadblocks-police-accountability

    8.   Due to my subject matter expertise, and track record, I regularly receive requests from around the nation, from lawyers and potential clients, to represent individuals in civil rights matters.

    9.   Through my contacts, public disclosure of fees in Missouri Lawyers Weekly, and through research concerning the litigation involving attorneys' fees, I have a working knowledge of the market for legal services in the Kansas City and St. Louis metropolitan regions.

    10.   I am seeking $595 per hour for my time in this matter. My requested rate is fair and reasonable for my services in light of: (a) the market; (b) my subject matter expertise in civil rights litigation; (c) my trial experience; (d) my experience in other complex litigation; (e) my ability; and (e) the complex nature of civil rights cases. Given the nature of this case, $595 per hour is reasonable due to the difficulty of the questions involved in this matter, and the skill required to perform the necessary legal services properly.

3

11.     A rate of $595 per hour is far lower than my average effective rate when handling other complex cases on a contingency fee basis.

12.     On December 7, 2020, my rate of $595 per hour was approved in a case I handled in the Southern District of Illinois, *Michael E. Beatty v. Accident Fund General Insurance Company, et. al.*, No. 3:17-cv-01001.

13.     To date, The Simon Law Firm, P.C. has received no fees and no reimbursement for any expenses related to this matter.

14.     Given my case load, other requests for my services, and my ability to handle—and track record in successfully handling—other complex litigation, the existence of the 42 U.S.C. § 1988 fee shifting statute was crucial to my decision to take on this case.

15.     The work I performed is in specific detail in the time sheets attached as **Exhibit 1** (which will be provided to the Court for an in-camera review). I record time for every one-tenth an hour and created my time records in this matter by making notes and entries simultaneously or nearly simultaneously with the performance of the work. In addition, I was able to review my emails and other records related to this case to confirm the entries. I made every effort to eliminate billing for administrative tasks and duplicative work. I believe my calculation of time has been reasonable.

16.     I served as lead trial attorney for Plaintiff in this matter and have been actively involved in this case since November 2017. While I incurred other hours related to the claims against Defendants Frank Tennant and the City of Hermann, Missouri, the only time I am seeking is for the work that was necessary to the prosecution of the unlawful arrest claim against Defendant Waite. I deleted charges that did not relate to the successful result against Defendant Waite.

17. My total hours related to the successful prosecution of Mr. Gerling's unlawful arrest claim against Defendant Waite is 334.6. That makes my lodestar amount $199,087.

18. I have been assisted in this case by Amy Sciuto, who has been a paralegal with our firm since 2013. Ms. Sciuto has 13 years' experience as a paralegal. Ms. Sciuto has extensive trial experience and is regularly tasked with organizing our firm's most difficult and complex trial assignments. Ms. Sciuto is billing at the rate of $275 per hour for this case, which is reasonable for someone with her background and experience. Her total hours related to the successful prosecution of Mr. Gerling's unlawful arrest claim against Defendant Waite is 51.7. That makes her lodestar amount $14,217.50.

19. The hourly rates and hours reflected in this affidavit and in Plaintiff's Motion for Attorneys' Fees are customary and reasonable and were necessarily incurred in prosecuting Plaintiff's unlawful arrest claim against Defendant Waite.

20. Attached as **Exhibit 1** (under seal) to this affidavit is a detailed invoice documenting the time spent by our firm totaling **$311,224.50** in attorneys' fees, which were all reasonable and necessary in prosecuting Plaintiff's unlawful arrest claim against Defendant Waite. By producing these invoices, Plaintiff is not waiving the attorney/client privilege.

21. Additionally, my firm has incurred significant expenses in this matter. In addition to those set forth in Plaintiff's Bill of Costs, my firm has incurred **$3,843.94** in expenses that were reasonable and necessary to the prosecution of Plaintiff's unlawful arrest claim against Defendant Waite. These expenses and supporting documentation have been attached as **Exhibit G** to Plaintiff's Suggestions in Support of his Motion for Attorneys' Fees.

I declare under penalty of perjury that the foregoing is true and correct.

5

{0268422.DOCX}

December 29, 2021

Kevin M. Carnie Jr.