**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| WAYNE GERLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-02702 JAR |
| | ) | |
| MATTHEW WAITE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Award of Attorneys' Fees and Non-Taxable Costs (Doc. No. 184) and Motion for Bill of Costs (Doc. No. 193). The motions are fully briefed and ready for disposition.

**I.    Background**

Plaintiff Wayne Gerling ("Gerling") sued Defendant Matthew Waite ("Waite"), a police officer in Hermann, Missouri, under 42 U.S.C. § 1983, alleging that Waite unlawfully arrested him and used excessive force during the arrest. The Court denied Waite's motion for summary judgment and Waite appealed, arguing he was entitled to qualified immunity. The Eighth Circuit affirmed the denial of summary judgment on Gerling's unlawful arrest claim but concluded that Waite was entitled to qualified immunity on Gerling's excessive force claim and remanded the case for further proceedings. Gerling v. City of Hermann, Missouri, 2 F.4th 737 (8th Cir. 2021).

The case came before a jury for trial on December 6, 2021. On December 8, 2021, the jury returned a verdict in favor of Gerling, awarding him $150,000.00 in compensatory damages and $500,000.00 in punitive damages. On January 4, 2022, Gerling filed his motion for $600,096.00 in attorneys' fees and $9,172.43 in non-taxable costs, for a total award of

1

$609,268.43.[1] Gerling has since supplemented his motion for attorneys' fees seeking an additional $23,200.00 in fees for time spent time preparing his motions for attorney fees and bill of costs and responding to Waite's objections thereto. (Doc. No. 204 at 12). On January 10, 2022, Gerling filed his motion for bill of costs, asserting entitlement to costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920 in the amount of $12,699.40.

## II. Motion for attorneys' fees

In a § 1983 case, the Court "may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). A party is a prevailing party under § 1988 if he succeeds on any significant issue in the case "which achieves some of the benefit the part[y] sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoted case omitted); see Farrar v. Hobby, 506 U.S. 103, 111 (1992) (a prevailing party is one who obtains "at least some relief on the merits of his claim").

A trial court's "discretion to deny attorneys' fees to a prevailing plaintiff is narrow." Jenkins ex rel. Jenkins v. State of Mo., 127 F.3d 709, 716 (8th Cir. 1997). "[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley, 461 U.S. at 429 (quoted source omitted). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." Id. at 435. The Eighth Circuit has stated, "If the plaintiff has won excellent results, he is entitled to a fully compensatory fee award,

---

[1] This number reflects a $4,593.50 reduction in Plaintiff's fee request. By amendment to his memorandum in support of his motion for attorneys' fees, Plaintiff has excluded time entries related to responding to former defendants Frank Tennant's and the City of Hermann's motions for summary judgment as well as time entries related to his expert witness Michael Leonesio. (Doc. No. 197).

which will normally include time spent on related matters on which he did not win." Jenkins, 127 F.3d at 716 (citing Hensley, 461 U.S. at 435).

The party seeking the award must submit evidence supporting the requested hours and rates, making a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" Hensley, 461 U.S. at 434. "To calculate attorney's fees, courts typically begin by using the lodestar method, which multiplies the number of hours reasonably expended by reasonable hourly rates." Bryant v. Jeffrey Sand Co., 919 F.3d 520, 529 (8th Cir. 2019) (citing Brewington v. Keener, 902 F.3d 796, 805 (8th Cir. 2018)). Courts consider several factors in determining a reasonable attorney's fee, including the time and labor required to litigate the case, the novelty and difficulty of the questions involved, the skill required to perform the services properly, customary fees, the results obtained, and awards in similar cases. See McDonald v. Armontrout, 860 F.2d 1456, 1459 & n.4 (8th Cir. 1988); Fernandez v. St. Louis Cty., Missouri, 538 F. Supp. 3d 888, 905 (E.D. Mo. 2021). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." Bryant, 919 F.3d at 529 (quoting Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005)).

For purposes of lodestar analysis, Gerling submits the following concerning his attorneys' hourly rates and the hours expended in this litigation:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Kevin Carnie | 334.6 | $595 | $199,087 |
| David Welder | 496 | $500 | $248,000 |
| Courtney McCray | 17.3 | $350 | $6,055 |
| Paul Breer | 5.7 | $350 | $1,995 |

3

| | | | |
|---|---|---|---|
| Emily Tung | 11.5 | $350 | $4,025 |
| Holli Dobler | 33.4 | $350 | $11,690 |
| Patrick McPhail | 217.6 | $450 | $97,920 |
| Amy Sciuto | 51.7 | $275 | $14,217.50 |
| Cheryl Little | 42.5 | $250 | $10,625 |
| Aly Ridgley | 44.3 | $250 | $11,075 |

Gerling's motion is supported by Declarations signed by his attorneys, describing their backgrounds and experience and providing details of their hours billed. (Doc. Nos. 185-1, -2, -3). He maintains that the rates being requested by his attorneys are reasonable and in line with the St. Louis and Kansas City markets and submits Missouri Lawyers Media billing rates data indicating that in the Kansas City area, the partner median rate was $475 in 2019 and $490 in 2021 and the associate median rate was $345 in 2019 and $300 in 2021. In the St. Louis area, the partner median was $450 in 2021, and the associate median rate was $250. In 2021, the statewide median was $475 for partners and $250 for associates. (Doc. Nos. 185-4, -5).

### A.     Hourly rate

Waite does not dispute the background and experience of Gerling's attorneys but asserts that their hourly rates exceed what is reasonable and customary for the St. Louis and Kansas City areas and should be closer to the median rates for all attorneys. He suggests a more reasonable rate would be $375 per hour for partners like Mr. Carnie and Mr. Welder and $250 for associate attorneys like Mr. McPhail and those working for Mr. Welder.

The Court does not agree, based on its experience with this case, with civil rights cases in general, and its knowledge of prevailing attorney hourly rates in this area and as awarded by this Court. In recent years, this Court has found rates as high as those sought here to be reasonable

4

for the St. Louis market. Willson v. City of Bel-Nor, Missouri, No. 4:18-CV-003 RLW, 2021 WL 2255003, at *5-6 (E.D. Mo. June 3, 2021) (citing cases). For example, in Fernandez, 538 F. Supp. 3d at 906, the Court approved, without opposition, hourly rates of $575 and $475 per hour for experienced civil rights attorneys. In M.B. v. Tidball, No. 2:17-CV-4102-NKL, 2020 WL 1666159, at *6 (W.D. Mo. Apr. 3, 2020), aff'd sub nom. M.B. by Eggemeyer v. Tidball, 18 F.4th 565 (8th Cir. 2021), a civil rights class action, the Court found hourly rates of up to $500 appropriate for senior litigators and rates of up to $375 appropriate for associates and staff attorneys. Other recent § 1983 cases suggest the hourly rates sought here are reasonable and consistent with local prevailing rates. See, e.g., S.C. by & through M.C. v. Riverview Gardens Sch. Dist., No. 18-4162-CV-C-NKL, 2020 WL 5262267, at *8 (W.D. Mo. Sept. 3, 2020) (approving rates of $350 and $450 for civil rights litigators with over ten years of experience); Robinson v. City of St. Louis, Mo., No. 4:17-CV-156 PLC, 2020 WL 4673823, at *3 (E.D. Mo. Aug. 12, 2020) (approving an hourly rate of $400 to one attorney admitted to the Missouri bar in 2008 who practiced civil rights law since 2014, and to another attorney who was admitted in 2010 and practiced civil rights and employment law); D.L. v. St. Louis City Pub. Sch. Dist., No. 17CV1773 RWS, 2019 WL 1359282, at *2 (E.D. Mo. Mar. 26, 2019) (approving rates of $300 and $400 where plaintiff had submitted evidence "demonstrating billing rates of $200-$350 for 'attorneys' or 'associates' practicing employment or civil rights law in the St. Louis metropolitan area and billing rates of $350 - $500 for 'partners' practicing employment or civil rights law in the St. Louis metropolitan area") (citation omitted)); Trinity Lutheran Church of Columbia, Inc. v. Comer, No. 2:13-CV-4022-NKL, 2018 WL 5848994, at *6 (W.D. Mo. Nov. 7, 2018) (awarding rates of up to $450 for experienced civil rights litigators). These cases establish that

the hourly rates sought by Plaintiff's experienced civil rights attorneys are reasonable for the market.

Waite further argues Gerling provides no support for the hourly rate claimed for paralegals in this case, pointing to a 2019 survey which reports the median rate for support staff throughout the state at $175.00. The Court notes, however, that the broad term "support staff" includes not just paralegals, but also other types of support staff that may be less skilled. M.B., 2020 WL 1666159, at *6. A survey of billing rates conducted by Missouri Lawyers Weekly in 2018 shows rates listed for paralegals who work on class action or civil rights cases specifically are between $215 and $275. Id. Accordingly, the Court finds Gerling's proposed rate of $250 for each paralegal is reasonable.

B.  **Number of attorneys /overstaffing**

Waite urges the Court to reduce Gerling's fee request by 50% to account for unnecessary and duplicative billings from the two law firms involved, citing Albright v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist., No. 4:11CV01691 AGF, 2013 WL 4855304, at *4 (E.D. Mo. Sept. 11, 2013) (reducing hours billed "to account for the inefficiencies engendered by the involvement of three law firms in the case").[2] Waite contends the two law firms representing Gerling spent an extensive amount of time communicating with each other and routinely billed for two attorneys to plan and prepare for the same hearings, review the same documents produced in discovery, and review the same depositions. Waite also takes exception to the time billed for two attorneys to travel to/from and attend the April 18, 2019 deposition of the City's corporate representative and the December 4, 2018 mediation when one attorney would have

---

[2] Unlike in Albright, a Fair Credit Reporting Act case characterized by the court as "fairly simple" and "not hard fought or protracted except with respect to the question of attorney's fees," 2013 WL 4855304, at *7, this case, seeking remedies for civil rights violations, has been vigorously litigated for over four years.

sufficed and argues the time billed for three attorneys to plan and prepare for the pre-trial conference and attend a two-day jury trial was unnecessary.

While there is no *per se* rule prohibiting a litigant from having more than one attorney work on his case, see Ladd v. Pickering, 783 F. Supp.2d 1079, 1094 (E.D. Mo. 2011), "a court may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used," Robinson v. City of St. Louis, Missouri, No. 4:17-CV-156 PLC, 2020 WL 4673823, at *6 (E.D. Mo. Aug. 12, 2020) (quotation omitted). When determining whether a case was over-lawyered, "[t]he trial judge should weigh the hours claimed against his [or her] own knowledge, experience, and expertise of the time required to complete similar activities." Robinson, 2020 WL 4673823, at *6 (quoting Gilbert v. City of Little Rock, Ark., 867 F.2d 1063, 1066 (8th Cir. 1989) (alteration in original) (quotation omitted).

It is not unreasonable to task a number of attorneys with work on a case of this nature and scope. Gerling was represented by two primary attorneys (Mr. Carnie and Mr. Welder) from two separate law firms – each serving distinctive roles in the litigation and at trial – and assisted by associates in their firms and paralegals. Counsel took steps to ensure the time for which they seek compensation is not excessive, including reviewing their records and exercising billing judgment to eliminate billing for administrative tasks and duplicative work from their submission and deleting charges that did not relate to the unlawful arrest claim against Waite. (Doc. Nos. 185-1 at ¶¶ 15-16; 185-2 at ¶¶ 8-9). After reviewing Gerling's counsel's billing entries, the Court finds no basis for a percentage reduction of attorney's fees.

    **C.**    **Fees related to dismissed claims**

Next, Waite argues that Gerling's request for fees involving dismissed claims should be stricken. Specifically, Waite points to a discovery dispute with the City concerning whether the

7

parking ticket issued to Gerling was improper. He notes that the majority of the time entries for both law firms between December 19, 2018 and May 13, 2019 relate to either the motion to compel, the document production, or the deposition of the City's corporate representative. Because Gerling's claims against the City were subsequently dismissed, Waite contends that any fee requests related to time spent conducting this discovery should be reduced accordingly. Waite also argues that claims for time spent researching codes and ordinances relating to traffic tickets – research that was unnecessary considering Gerling's plea of guilty to the traffic ticket – and reviewing discovery requests sent to the City and Defendant Frank Tennant – both of whom were dismissed as parties – should be stricken.  Lastly, Waite argues that Gerling's fee request should be reduced to reflect the fact that he only recovered on one of the three claims against him.

Gerling responds that he has eliminated much of his counsel's fees for time related to his claims against Tennant and the City but asserts that the discovery related to these parties was necessary for the successful prosecution of his unlawful arrest claim and would have been conducted regardless of whether Tennant and/or the City were parties to the litigation.

"[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney fees under 42 U.S.C. § 1988." Chestnut v. Wallace, No. 4:16-CV-1721 PLC, 2020 WL 5801041, at *4 (E.D. Mo. Sept. 29, 2020) (quoting Hensley, 461 U.S. at 440). "When a plaintiff obtains substantial relief and the lawsuit consists of closely related claims, the award is not reduced because plaintiff did not prevail on every argument asserted." Shrader v. OMC Aluminum Boat Group, Inc., 128 F.3d 1218, 1220 (8th Cir. 1997) (citing Hensley, 461 U.S. at 435). However, when counsel's work on a successful claim is unrelated to the work on an

8

unsuccessful claim, "no fee may be awarded for services on the unsuccessful claim." Id. at 434-35.

A court must first determine whether the plaintiff's claims were discrete. If the claims were "distinctly different" and "based on different facts and legal theories," then the court cannot award attorney fees for services on the unsuccessful claims. Letterman v. Burgess, No. 5:12-CV-06136-NKL, 2016 WL 797601, at *3 (W.D. Mo. Feb. 26, 2016) (citing Hensley, 461 U.S. at 434-35). But if the claims involved a "common core of facts" or were "based on related legal theories," the Supreme Court has recognized that much of counsel's time was devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Hensley, 461 U.S. at 435. In such a case, the court cannot view a plaintiff's lawsuit as a series of discrete claims and should "focus on the significance of the overall relief obtained by the plaintiff[s] in relation to the hours reasonably expended on the litigation." Id. The court may use its discretion to determine the most appropriate way of assessing an award where the plaintiff achieved less than complete success. Id. at 436.

The Court agrees with Gerling that the discovery issues involving the City and Tennant upon which his counsel spent time were interrelated with the central – and successful – issue of the case, the lawfulness of Waite's arrest of Gerling. namely, whether Waite, while investigating a potential parking violation, unlawfully arrested Gerling. For this reason, the Court finds no basis for reducing Gerling's counsel's fees. See Casey v. City of Cabool, Mo., 12 F.3d 799, 806 (8th Cir. 1993).

      D.      **Fees for qualified immunity appeal**

Waite argues Gerling should not be awarded attorney's fees related to the qualified immunity appeal because he was not a prevailing party. "[H]ours expended for work on an

9

interlocutory appeal are properly awarded unless the interlocutory appeal involves "distinctive factual issues" from the claim on which the plaintiff ultimately prevails or is otherwise "unrelated" to the claim on which the plaintiff ultimately prevails. S.M. v. Lincoln Cty., No. 4:12CV02276 PLC, 2016 WL 6441587, at *9 (E.D. Mo. Nov. 1, 2016). Although the Eighth Circuit concluded that Waite was entitled to qualified immunity on Gerling's excessive force claim, it also held that Gerling could recover any damages he suffered from Waite's use of a taser if he succeeded on his unlawful arrest claim. Gerling, 2 F.4th at 744. Therefore, the common core of facts shared by Gerling's successful and unsuccessful claims support a fee award. The Court concludes that the hours Gerling's attorneys expended in defense of the interlocutory appeal are reasonable and should be compensated. S.M., 2016 WL 6441587, at *9.

    **E.**    **Excessive fees**

Waite argues that some of Gerling's attorneys' time entries are excessive for the work performed and should be reduced accordingly. In particular, he notes that counsel reports a total of 41.0 hours to review and respond to his motion in limine. Waite provides no support for his argument other than the fact that his motion was eleven pages in length and Gerling's response was sixteen pages. Upon consideration, the Court finds the fees requested for the motion in limine to be reasonable, reflecting the filing of two briefs in response to Waite's motion in limine, one of which was requested by the Court. As for Waite's argument that billing for three attorneys and a paralegal to attend trial was excessive and not necessary for a case involving five live witnesses, the Court previously addressed this argument and rejected it.

    **F.**    **Fees for focus group**

Gerling claims 8.4 attorney hours for arranging and reviewing a focus group.[3] Waite argues that courts have previously refused to allow plaintiff's attorneys to recover fees for time spent conducting a focus group, citing Denesha v. Farmers Ins. Exchange, 976 F. Supp. 1276, 1291 (W.D. Mo. 1997) (disallowing attorneys' fees for mock trial session), *reversed in part on other grounds,* 161 F.3d 491 (8th Cir. 1998), and Axel v. Griffin, No. 12-1019 DSD/AJB, 2014 WL 896727, at *2 (D. Minn. Mar. 6, 2014) (finding in an excessive force case against police department that the hours associated with a focus group to be unnecessary). Gerling responds that utilizing a focus group enabled his counsel to prepare for trial more effectively.

Courts in this District have excluded fees associated with focus groups as unnecessary expenses. See May v. Nationstar Mortg., LLC, No. 4:14CV0578 TCM, 2015 WL 9185408, at *5 (E.D. Mo. Dec. 17, 2015) (disallowing fees for a focus group); Summerville v. Trans World Airlines, Inc., No. 4:96CV02379 MLM, 1999 WL 33134345, at *4 (E.D. Mo. Sept. 28, 1999) (citing Ryther v. Kare 11, 864 F. Supp. 1525, 1534 (D. Minn. 1994)). But see Ludlow v. BNSF Ry. Co., 788 F.3d 794 (8th Cir. 2015), awarding fees for plaintiff's counsel's work with focus groups and jury consultants in preparation for trial. The district court noted that plaintiff had submitted expert opinions "that it is reasonable for a law firm to utilize trial consultants and in-house focus groups, that the two consultants were used in a reasonable manner, and that the use of two focus groups was a reasonable expense." Id. at 804. Gerling has submitted no such evidence. The Court commends counsel's efforts to be well prepared for trial; however, the fees sought for a focus group are not reasonable or necessary given the number of lawyers staffing this case. Therefore, the Court will reduce the requested attorneys' fees by $4,442.50, resulting in an award of $595,653.50.

---

[3] The entries related to the focus group appear on November 23, 27, and 29, 2021: 5.30 hours x $575 = $3,047.50; 3.10 hours x $450 = $1,395 (Doc. No. 185-1 at 16).

### G. Supplemental fees

Gerling's counsel has incurred additional time in preparing his motion for attorney fees, bill of costs, and responding to Waite's objections thereto. Gerling seeks 43.9 hours of attorney time related to these tasks and 5 hours of paralegal time for an additional $23,200 in attorneys' fees, which he notes is $6,835 less than the actual fees incurred related to these tasks.

A prevailing party is entitled to compensation for the time spent establishing the entitlement to fees under § 1988. Anderson v. Director, Office of Worker's Compensation Programs, 91 F.3d 1322, 1325 (9th Cir. 1996) (Time spent preparing fee applications under 41U.S.C. § 1988 is compensable, as "uncompensated time spent on petitioning for a fee automatically diminishes the value of the fee eventually received."). These compensable "pursuit fees" include both the fees incurred in preparing the fee application and in defending any challenge to the award, provided the time charged for pursuing fees is reasonable. See Fidelity Guarantee Mortg. Corp. v. Reben, 809 F.2d 931 (1st Cir. 1987) (prevailing defendant entitled to recover reasonable fees incurred in obtaining award); Ganey v. Garrison, 813 F.2d 650 (4th Cir. 1987) (time spent defending entitlement to fees is properly compensable); Kurowski v. Krajewski, 848 F.2d 767 (7th Cir. 1988) (prevailing plaintiff's counsel entitled to compensation for time spent pursuing fee request); Clark v. City of Los Angeles, 803 F.2d 987 (9th Cir. 1986) (same). The Court finds the hours billed on the instant motion reasonable and recoverable. Accordingly, the fee award of $595,653.50 will be increased by and additional $23,200, for a total award of $618,853.50.

### H. Non-taxable costs

Gerling also seeks expenses of $9,172.43. All reasonable out-of-pocket costs and expenses are recoverable as part of a Section 1988 fee award because they are part of the costs a

12

law firm would normally charge to a fee-paying client. See Jenkins v. Kansas City Mo. Sch. Dist., 525 F.3d 682, 682 n.1 (8th Cir. 2008) ("travel expenses and other out-of-pocket expenses that a law firm normally would bill to its client are … properly characterized as part of an attorney fee award" under Section 1988); Pinkham v. Camex, Inc., 84 F.3d 292, 294-95 (8th Cir. 1996) (per curiam) (inclusion in cost award of costs that did not fit within statutory category of 28 U.S.C. § 1920(4) was harmless error: "such costs were reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys, and thus should have been included as part of the reasonable attorney's fees awarded.").

Waite specifically objects to Gerling's request for $2,760 for costs for his counsel's work with a focus group and jury consultant in preparation for trial on the grounds that these are not the type of expenses attorneys ordinarily bill to clients. Because the Court has found that under the circumstances of this case, the fees and costs associated with the focus group is not recoverable, the Court will reduce Gerling's claimed expenses by $2,760.00. In all other respects, Gerling will be awarded his non-taxable costs/expenses.

### III. Bill of costs

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Cowden v. BNSF Railway Co., No. 4:08CV01534, 2014 WL 107844, at *1 (E.D. Mo. Jan 3, 2014). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under § 1923 of this title; (6) compensation of court appointed experts, compensation of

13

interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title. The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts." Cowden, 2014 WL 107844, at *1 (quoting Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002)). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. Id. (citing Pershern v. Fiatallis North America, Inc., 834 F.2d 136, 140 (8th Cir. 1987)).

Gerling has submitted a bill of costs in the amount of $12,699.40, which includes costs in the amount of $400 for fees of the clerk; $1,272.99 for fees for service of summons and subpoena; $6,609.75 for printed or electronically recorded transcripts; $603.82 for witness fees; and $3,812.84 for copying expenses. Waite objects to Gerling's costs for transcripts for parties dismissed from this case, as well as costs for both printed and electronically recorded transcripts. Waite also objects to Gerling's shipping and handling costs and argues his copying costs are excessive. The Court will address each of Waite's objections in turn.

### A. Transcript costs

#### 1. Depositions of Tennant and City's corporate representatives

Section 1920(2) allows taxation of fees for transcripts "necessarily obtained for use in the case." In determining whether to award the costs of a deposition, "the underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken." Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997) (internal quotations omitted). See also Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006) ("Even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in a case and was not purely investigative.").

Waite argues that because Gerling's claims against the City and Frank Tennant were dismissed at the summary judgment stage, he cannot recover the costs associated with deposing Tennant or the City's corporate representatives – Police Chief Marlon Walker, City Administrator Mark Wallace, and City Attorney David Politte. The Court disagrees. A party does not have to succeed on every issue raised to be considered a prevailing party. Rather, a party is a "prevailing party" when he " 'succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.' " Hensley, 461 U.S. at 433 (quoted case omitted); Farrar, 506 U.S. at 111 (a prevailing party is one who obtains "at least some relief on the merits of his claim").

Moreover, at the time Tennant, Walker, Wallace, and Politte were deposed, Gerling could not possibly have known that his claims against Tennant and the City would later be dismissed on summary judgment. At that time, he had to be ready to proceed on all the claims in his complaint, and thus to the extent the depositions deal with those claims, the Court finds they were "reasonably necessary" to prepare to litigate those claims. Waite's objections to these deposition transcripts are overruled.

    **2.    Stenographic and video-recorded transcripts**

Next, Waite argues that both stenographic and videotaped depositions of Tennant, Walker, Wallace, and Politte were unnecessary in this case and notes that Gerling did not use the videotaped depositions at trial. Gerling responds that his counsel finds witnesses tend to take a deposition more seriously if it is videotaped and that better testimony is typically elicited. He states that even though these videos were not played, it was reasonable to take a "belt and suspenders" approach by having the video available if it became necessary based on the witnesses' live testimony at trial.

15

The Eighth Circuit permits recovery of costs for both printed transcripts and video recordings of the same deposition if both were "necessarily obtained for use in the case." Stanley v. Cottrell, Inc., 784 F.3d 454, 465-66 (8th Cir. 2015) (citation omitted); Hogan Logistics, Inc. v. Davis Transfer Co., Inc., No. 4:16CV1541 CAS, 2018 WL 3483077, at *3 (E.D. Mo. July 19, 2018); 28 U.S.C. § 1920(2). Transcripts are "necessarily obtained for use in the case" where testimony was used in motions or needed for impeachment at trial, the deponent was on the losing party's trial witness list, or the deposition was "necessary to the issues" when taken, even if "use of a deposition is minimal or not critical to that party's ultimate success." Cattanach v. BNSF Ry. Co., No. CV 13-1664 (JRT/JSM), 2016 WL 6915507, at *4 (D. Minn. Oct. 31, 2016), report and recommendation adopted, No. CV 13-1664 (JRT/JSM), 2016 WL 6916803 (D. Minn. Nov. 21, 2016) (internal quotations and citation omitted). A "deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case.'" Id. Costs of a videotaped deposition may be taxed provided there is adequate support for the expense. King v. Turner, Civ. No. 05–388 (JRT/FLN), 2007 WL 1219308, at *4 (D. Minn. April 24, 2007).

Courts in this district have allowed recovery of costs for both stenographic transcription and video recording of depositions where the prevailing party offers a persuasive reason for obtaining the video deposition, such as the importance of the witness and the likelihood that each witness would be unavailable for trial. See, e.g., Nat'l Ben. Programs, Inc. v. Express Scripts, Inc., No. 4:10CV00907 AGF, 2012 WL 2326071, at *3 (E.D. Mo. June 19, 2012). Further, even if a deposition is not introduced at trial, this alone does not establish that the deposition did not reasonably seem necessary at the time it was taken. Gierer v. Rehab Med., Inc., No. 4:14-CV-1382 CAS, 2018 WL 1397532, at *3 (E.D. Mo. Mar. 20, 2018). A district court has discretion to

award costs if the deposition was not "purely investigative," Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006), and "reasonably seemed necessary at the time they were taken," Zotos v. Lindbergh School Dist., 121 F.3d 356, 363 (8th Cir. 1997).

The Court finds Gerling has adequately demonstrated that both printed and electronic transcripts of the same depositions were necessary for the reasons he asserts, and Waite offers no argument to the contrary. Accordingly, Waite's objections to Gerling's costs for both stenographic transcription and video recordings will be overruled.

### B.     Shipping and handling

Gerling claims $34.86 in charges for FedEx shipping (Doc. No. 193 at 4) and a total of $45 for shipping costs for depositions (id. at 24, 26, 42). Section 1920 does not authorize taxing Waite for Gerling's postage and delivery expenses. Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006) (citations omitted); Am. Guarantee & Liab. Ins. Co. v. U.S. Fid. & Guar. Co., No. 4:06CV655RWS, 2010 WL 1935998, at *2 (E.D. Mo. May 10, 2010). Accordingly, Gerling's bill of costs will be reduced by $79.86.

Gerling also submits an invoice in the amount of $32.73 for a duplicate CD. (Doc. No. 193 at 40). Because such costs are not authorized by section 1920, the Court will reduce Gerling's bill of costs by an additional $32.73.

### C.     Printing/copying costs

Gerling claims copying expenses of $3,812.84, $2,124.20 of which represented in-house copying charges by one of the two law firms representing Gerling at a rate of $0.20 per page. Waite contends this is excessive when compared to the printing charges of the other law firm representing Gerling, i.e., $0.10 per page, and argues that counsel's in-house copying charges should be consistent and more in line with industry standards. In reply, Gerling submits an

17

affidavit from Ryan Bauer, Senior Account Manager with Complete Legal, a regional eDiscovery company based in Kansas City, Missouri. (Doc. No. 203-3). According to Bauer, $0.10 per copy for black and white is well below the industry standard and $0.20 per copy for black and white copies is common. (Id. at ¶¶ 5-6). Moreover, FedEx charges $0.49 per page for black and white copies. (Doc. No. 203-4). Based on this evidence, it appears to the Court that $0.20 per page is well within the industry standard for copying charges. Waite's objections to Gerling's copying costs are overruled.

### IV.     Conclusion

Complex civil rights litigation is lengthy and demands many hours of lawyers' services. The Court notes that in this case, the issues were legally complex and fiercely litigated over four years, including an interlocutory appeal to the Eighth Circuit. The Court is also mindful of the important purpose served by civil rights litigation. For these reasons, the Court finds it both reasonable and appropriate to award Gerling his attorneys' fees in the amount of $618,853.50 ($595,653.50 plus $23,200.00 in supplemental fees) and costs in the amount of $6,412.43 ($9,172.43 less $2,760.00 for a focus group and jury consultant), for a total award of $625,265.93. The Court also orders Gerling's bill of costs taxed in the amount of $12,586.81 ($12,699.40 less $112.59 for shipping, handling, and a duplicate CD).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Award of Attorneys' Fees and Non-Taxable Costs [184] is **GRANTED** in part and **DENIED** in part. Plaintiff Wayne Gerling is awarded the amount of **$625,265.93** as and for his attorneys' fees and costs.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Bill of Costs [193] is **GRANTED** in part and **DENIED** in part. Costs shall be taxed against Defendant Matthew Waite and in favor of Plaintiff Wayne Gerling in the amount of **$12,586.81**.

Dated this 24th day of February, 2022.

                                                  */s/ John A. Ross*
                                         **JOHN A. ROSS**
                                         **UNITED STATES DISTRICT JUDGE**